# IN THE COURT OF APPEALS OF IOWA

No. 23-0567
Filed May 24, 2023

IN THE INTEREST OF A.C. and A.C.,
Minor Children,

T.D., Mother,
      Appellant.

_____

Appeal from the Iowa District Court for Hamilton County, Hans Becker, Judge.

A mother appeals the order terminating her parental rights to two children.
**AFFIRMED.**

Douglas Cook, Jewell, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Justin J. Kroona of Kroona Law Office, Webster City, attorney and guardian ad litem for minor children.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to her children.[1] She asks for more time. In the alternative, she contends that termination is not in the children's best interests and argues against termination based on one of the circumstances described in Iowa Code section 232.116(3) (2023). After a de novo review, *see In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020), we affirm.

This appeal involves a child born in 2015 and a child born in 2016. In November 2021, the juvenile court removed the children from the mother's custody and adjudicated them in need of assistance (CINA) based on the mother's drug use. The State offered the mother services to address her substance abuse, but she waited until two weeks before the termination hearing to take a substance-abuse evaluation. The mother testified that she would not begin treatment until the week after the termination hearing. Based on her ongoing substance abuse and the risks it poses to the children's safety, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f).[2]

We begin with the mother's request for more time under Iowa Code section 232.104(2)(b), which allows the court to continue the child's placement for six months if doing so will eliminate the need for the child's removal. Before continuing a placement, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination

---

[1] The juvenile court also terminated the father's parental rights to the children, but he does not appeal.

[2] The mother does not challenge the grounds for termination.

that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104(2)(b).

Clear and convincing evidence shows that continuing the children's placement for six months would not eliminate the need for the children's removal. The mother argues she has shown "substantial progress," claiming she had achieved "an extended period of sobriety" by the time of the termination hearing. But the mother admits using methamphetamine in January 2023 and marijuana in February 2023.  The longest period of sobriety she could have attained was a few weeks at best, which is inconsequential compared with her twenty-year history of drug use.  The same concerns that existed at the time of the CINA adjudication existed at the termination hearing.  Weighing the mother's substance-abuse history, ongoing drug use, and lack of treatment, the prognosis for her continued sobriety is poor.  *See In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (noting a parent's past performance shows the quality of the future care that parent can provide); *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)).  Because there is no basis for finding the need for removal will no longer exist in six months, we deny the mother's request for more time.

The mother also challenges the finding that termination is in the children's best interests.  In determining best interests, we use the framework described in section 232.116(2).  S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010).  That provision requires that we "give primary consideration to the child's safety, to the

best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The mother notes that the children have resided with their paternal grandmother since the CINA proceedings began. She claims that she will continue to have contact with the children through the paternal grandmother. On this basis, she argues that placing the children in a guardianship with the paternal grandmother, rather than termination, would serve the children's best interests. But "a guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018). The impermanent nature of guardianships denies children the security and stability that a permanent home provides. *See* Iowa Code § 633.675(1)(c) (stating that a guardianship must terminate if the court determines it is no longer necessary); *In re C.D.*, 509 N.W.2d 509, 513 (Iowa Ct. App. 1993) ("[T]he permanency and stability needs of the children must come first."). Because of the children's ages, any guardianship would last more than a decade. Although a long-term guardianship may serve the mother's best interests, it is not in the best interests of the children. The children's caseworker and the guardian ad litem recommended termination. The grandmother is willing to adopt the children, which would provide the permanency the children need. Termination is in the children's best interests.

Finally, the mother argues against termination by citing Iowa Code section 232.116(3). That section lists circumstances under which the court "need

not terminate the relationship between the parent and child." Iowa Code § 232.116(3). The decision to avoid termination under section 232.116(3) is "permissive, not mandatory." *A.S.*, 906 N.W.2d at 475. Whether to apply it depends on the unique facts of the case before us. *Id.*

The mother argues against termination based on section 232.116(3)(c), which applies when clear and convincing evidence shows termination will be "detrimental" to the children because of "the closeness of the parent-child relationship." To avoid termination under this provision, there must be clear and convincing evidence showing "that, on balance, [the closeness of] that bond makes termination more detrimental than not." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021). The mother bears the burden of proof on this issue. *See A.S.*, 906 N.W.2d at 476.

The State argues the mother did not preserve error on her claim under section 232.116(3)(c) because she never argued the provision should be applied to prevent termination. Although failing to preserve error is sufficient reason to affirm, our de novo review shows the mother failed her burden on this issue. The stronger bond is between the children and the paternal grandmother. Because the evidence does not show that termination will cause the children detriment, we affirm the order terminating the mother's parental rights.

**AFFIRMED.**